UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY EDWARDS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>JIM ROBERTSON, Warden,<br><br>　　　　　　Respondent. | Case No. 5:23-cv-00126-MEMF (KES)<br><br>**ORDER ACCEPTING IN PART FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge.  Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

　　　　The Magistrate Judge's Report recommends dismissal with prejudice of Ground Four of the Petition, service of the Petition to Respondent, and a stay of the action until the United States Court of Appeals for the Ninth Circuit issues its decision in *Price v. Santoro*, No. 23-55324. (ECF No. 13.)  For the following reasons, Petitioner's objections to the Report (ECF Nos. 20, 21, 23) warrant a change to the Magistrate Judge's findings and recommendation.

/ / /

/ / /

/ / /

**Grounds One to Three of the Petition**

Petitioner objects that his claims in Grounds One through Three of the Petition are not time-barred. (ECF No. 23.) As to Grounds One and Two, he objects that his claims did not accrue until January 1, 2019, with the enactment of Penal Code section 1170.95 ("Section 1170.95"). (*Id*. at 3.) The Report found that even if Petitioner is assumed to be correct on this point, his claims would still be untimely because of insufficient statutory or equitable tolling. (ECF No. 13 at 16.) The Report rejected Petitioner's argument that the litigation of his Section 1170.95 petition afforded him statutory tolling for Grounds One and Two (ECF No. 23 at 5), on the ground that it is well-established that statutory tolling operates only on a claim-by-claim basis. (ECF No. 13 at 17.) According to the Report, because the issues in Grounds One and Two were unrelated to Section 1170.95, they were not tolled by the Section 1170.95 petition. Nonetheless, the Report "decline[d] to recommend dismissal of Grounds One and Two as time-barred at this point" because *Price* remains pending before the Ninth Circuit. (*Id*. at 21.)

It would appear that in accordance with the guidance of the Ninth Circuit in *Campbell v. Henry*, 614 F.3d 1056, 1061-1062 (9th Cir. 2010), which has not been overruled, statutory tolling applies to an entire *petition* if a properly filed application for post-conviction or collateral review with respect to the pertinent *judgment* is pending. Therefore, to the extent that Petitioner's 1170.95 petition constitutes a properly filed application for post-conviction or other collateral review of the same judgment that Petitioner is challenging in Grounds One and Two, it would appear his entire petition is tolled.

On a separate note, the Ninth Circuit is presently considering in *Price* the distinct question of whether denial of a petition for resentencing under Section 1170.95 constitutes a new intervening judgment. As the Report indicated, a stay as to Grounds One and Two is warranted because a decision in *Price* that is favorable to Petitioner may render moot the question of whether he is entitled to statutory tolling with respect to the pendency of his 1170.95 petition.[1]

---

[1] Petitioner also objects that, contrary to the Report's findings, his claims in Grounds One and Two of the Petition are not time-barred because he qualifies for the actual innocence exception to the statute of limitations under *Schlup v. Delo*, 513 U.S. 298, 324 (1995). (ECF No. 20 at 4.) In light

1    The Court is also of the view that even if a decision in *Price* is not favorable to Petitioner, the
2    case would benefit from further briefing on the statutory tolling issue, and in particular, for the
3    Respondent to address the significance of *Campbell*.²

4    And as to Ground Three, Petitioner further objects that this claim is not time-barred, and
5    not successive. (ECF No. 23 at 6-9.)  It is unnecessary to address these objections because: (1) the
6    Report did not find that Ground Three was untimely, and (2) the Report "decline[d] to find
7    definitely that Petitioner's ineffective-assistance claim [in Ground Three] is impermissibly
8    successive because the Ninth Circuit has granted a certificate of appealability on this precise
9    question [in *Price*]." (ECF No 13 at 10-13.)  Thus, it is unnecessary to address this objection
10   while the question remains pending before the Ninth Circuit.

**Ground Four of the Petition**

12   Finally, Petitioner objects that, contrary to the Report, his claim in Ground Four is
13   cognizable in federal habeas corpus.  (ECF No. 21.)  In Ground Four, Petitioner had claimed that
14   the Due Process Clause of the federal constitution was violated by the state court's denial of
15   Petitioner's recall petition under Section 1170.95.  (ECF No. 13 at 7.)  Specifically, Petitioner
16   objects that the denial of the petition was arbitrary or capricious (.) because it was based on a
17   materially untrue finding—namely, that the jury found true the personal gun use enhancement
18   meaning that the jury found that the Petitioner was the actual killer. (ECF No. 21 at 3-4, 9.)

19   The Court of Appeals held as follows: "The fact that the jury convicted defendant of first
20   degree murder while personally using a firearm shows the jury rejected defendant's theory and
21   found he was the actual killer." (ECF No. 1 at 106.)  The Court of Appeals acknowledged that
22   the People argued felony murder as one of two theories of murder liability,³ but found that "the
23   finding of personal gun use in the commission of the murder is inconsistent with a theory he was

---

of the stay, the Court need not address this issue at this time, but as needed, may require further briefing on this issue later.
² The Court adopts the Report's findings and recommendation with respect to equitable tolling.
³ The record provided by the Petitioner appears to confirm that. (ECF. No. 21 at 78 (text of CALJIC 3.01 (aiding and abetting)), 79 (text of CALJIC 3.02 (aiding and abetting under a natural and probably consequences theory), 89–92 (trial transcript indicating that the court determined it would read CALJIC 3.01 and CALJIC 3.02 to the jury in the jury deliberation room).)

an aider and abettor convicted under the natural and probable consequences theory." (ECF No. 1 at 106-107.) The Court of Appeals goes on to state: "Had the jury adopted defendant's version of the incident and found defendant had aided and abetted a robbery under the natural and probably consequences theory, and was not the actual killer, *it could not have made the true finding on the gun-use enhancement, which was an enhancement to the murder count.*" (*Id.* at 107.) It is this conclusion which appears materially untrue and may rise to the level of arbitrary and capricious. As Petitioner points out, the jury was apparently instructed that the gun use enhancement could apply to the "crimes charged" (ECF No. 21 at 85–86), but the verdict form only permitted a finding on the gun use enhancement with respect to the murder count. (*Id.* at 93–95). It does appear that that—as a matter of law—the jury could have found that the Petitioner brandished the gun as part of the robbery, which would permit it to find him guilty of felony murder as instructed and would permit it to find the gun use enhancement true *with respect to felony murder*.

Accordingly, Ground Four does raise a potential due process violation, and will therefore not be dismissed at this time.

**Conclusion**

For these reasons, Petitioner's objections to the Report are sustained in part and overruled in part.

**ORDER**

IT IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted in part; (2) the Petition shall be served on Respondent; and (3) this action is stayed until the Ninth Circuit issues its decision in *Price*.

IT IS SO ORDERED.

Dated: March 28, 2024

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

4