# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 5:23-cv-00126-MEMF-KES                                    Date:  August 27, 2025

Title: Anthony Edwards v. Jim Robertson

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     ORDER re Respondent's Motion to Dismiss (Dkt. 46)

In January 2023, Petitioner Anthony Edwards ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. (Dkt. 1.)  Petitioner challenges two judgments: (1) the one stemming from his 1998 convictions for murder and robbery (Grounds One, Two, and Three) and (2) the one stemming from the 2020 denial of his request for resentencing under California Penal Code section 1170.95 (Ground Four).  (Id. at 2, 10, 32, 34, 39.)

In August 2023, the Magistrate Judge issued a Report & Recommendation ("R&R") recommending that (1) Ground Four be summarily dismissed for failure to state a cognizable federal claim; and (2) the case be stayed pending the Ninth Circuit's ruling on Price v. Santoro, No. 23-55324 (9th Cir. filed Apr. 10, 2023) concerning how to determine when a § 2254 petition is impermissibly "successive."  (Dkt. 13.)  In March 2024, the District Judge accepted the R&R in part, agreeing to stay the case but declining to summarily dismiss Ground Four, finding instead that "Ground Four does raise a potential due process violation."  (Dkt. 25.)

In February 2025, the Court lifted the stay after the Ninth Circuit decided Price.  (Dkt. 29.)  The Court ordered Respondent to respond to the Petitioner.  (Dkt. 30.)  The Court authorized Respondent to move to dismiss the Petition but instructed that if Respondent did so, he should "address the issues that the District Judge identified in her March 28, 2024 order

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:23-cv-00126-MEMF-KES                                                                           Date: August 27, 2025
                                                                                                                                    Page 2

accepting in part the Court's R&R (see Dkt. 25), including but not limited to whether Petitioner's state court resentencing petitions statutorily tolled the limitation period on his challenges to his 1998 convictions and whether the Petition's Ground Four is cognizable on federal review." (Dkt. 29 at 2.)

In July 2025, Respondent filed an Answer and Notice of Lodging. (Dkt. 38, 39.) Petitioner asked for an extension of time until September 11, 2025, to file his Reply, which the Court granted. (Dkt. 42, 43.)

Then on August 26, 2025, Respondent moved to dismiss the Petition. (Dkt. 46.) Respondent says that he "just learned that Petitioner … actually has ongoing pending state court proceedings which could prove to be dispositive" such that "this Court should abstain under Younger v. Harris, 401 U.S. 37 (1971), and dismiss the instant Petition for Writ of Habeas Corpus without prejudice to refiling once the state court judgment is final." (Id. at 2.) Respondent describes the pending state court proceedings as follows:

> Edwards petitioned for resentencing relief under Cal. Penal Code section 1172.6 (formerly 1170.95) in the San Bernardino County Superior Court in August 2023. (Lodgment 23 at 9.) On February 28, 2024, the superior court found that Edwards had made a prima facie showing for relief and issued an order to show cause. In October 2024, the superior court held an evidentiary hearing on the resentencing petition. (Lodgment 23 at 9.) In December 2024, the superior court issued a written order denying Edwards' petition for relief. (Lodgment 23 at 9.) Edwards' appeal is pending. He filed his opening brief on August 19, 2025. (Lodgment 23.)

(Dkt. 46 at 5.)

Petitioner may stop working on his Reply. **The Court VACATES the September 11, 2025 filing deadline** and will re-set a new filing deadline for the Reply (if needed) after resolving the motion to dismiss.

Petitioner shall file a response to the Motion to Dismiss **by September 26, 2025**. Petitioner may either file (1) an opposition, explaining why his § 2254 Petition should not be dismissed without prejudice to his refiling it after the state litigation over his new request for resentencing ends; (2) a motion to stay this case again, pending the end of the state resentencing litigation; or (3) a voluntary dismissal of this case (or just Ground Four) without prejudice. Any opposition or stay motion must advise the Court of the status of his state resentencing litigation.

Initials of Deputy Clerk jd